# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                 )
      v.                  )     ID No. 1805013096
                                 )     Cr. A. Nos. IN18-06-0376, etc.
                                 )
PATRICIA KOSTYSHYN,     )
                                 )
    DEFENDANT.         )

Submitted: November 30, 2020
Decided: March 31, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR REARGUMENT SHOULD BE DENIED.

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patricia Kostyshyn, Wilmington, Delaware, *pro se.*

SALOMONE, Commissioner

On this 31st day of March, 2021, upon consideration of the Defendant's *pro se* Motion for Reargument having been presented and considered, it appears that:

**<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

1.      In 2003, Patricia Kostyshyn ("Kostyshyn") and her two brothers purchased a third floor unit in the Governor House Condominium complex ("Governor's House").  Kostyshyn resided in the unit.

2.      In 2015, Governor's House initiated a lawsuit against the Kostyshyn's for, among other things, unpaid condominium assessments dating back over ten years.  The lawsuit eventually led to a judgment against the Kostyshyn's in February of 2018 for $138,716.69 in unpaid condominium assessments and fees, attorney's fees, court costs and prejudgment interest.

3.      The criminal offense in this case occurred shortly after the judgment. On April 17, 2018, a resident in one of the lower condominium units called the property manager to report water running into her unit from above.  The property manager investigated and discovered that the source of the water was the bathtub in Kostyshyn's unit.  The bathtub faucet had been turned fully on and a rag had been stuffed into the drain causing the water to overflow and flood the unit.  The property manager photographed the scene, removed the rag, and shut off the water.  He then proceeded to report the incident to the police.

4.      The next day, New Castle County Police responded to investigate the complaint.  The investigating officer reviewed the security surveillance videos and the photographs taken of Kostyshyn's bathtub.  He also interviewed other building residents.  As a result of the flooding, multiple units below Kostyshyn's sustained

1

severe water damage. After his investigation, Kostyshyn was arrested for criminal mischief.

5. After trial, a Superior Court jury convicted Kostyshyn of felony criminal mischief for intentionally stuffing a rag into a bathtub causing it to overflow into the two units below. The Superior Court sentenced Kostyshyn to two years in prison, suspended for probation. The Court also ordered her to pay the cost of the prosecution and $11,700.82 in restitution.

6. Kostyshyn filed a timely appeal to the Delaware Supreme Court. On appeal, Kostyshyn argued for the first time that the Superior Court erred by allowing the investigating officer to testify that Kostyshyn intentionally caused the damage. According to Kostyshyn, the testimony invaded the province of the jury to determine intent from the same evidence.

7. On November 13, 2019, the Supreme Court found that the admission of the officer's lay opinion was debatable under D.R.E. 701, but any error from his testimony was harmless.[1] Having found no plain error, the Supreme Court affirmed the judgment of the Superior Court.[2]

8. On October 26, 2020, Kostyshyn was discharged from probation and the Court ordered the remaining restitution or other financial obligations to be entered as a civil judgment on the Court's civil docket.

9. On November 05, 2020, Kostyshyn filed a *pro se* Motion for Reargument, requesting (i) records from the State and Public Defender's office

---

[1] An error is harmless when, "the evidence exclusive of the improperly admitted evidence is sufficient to sustain a conviction." *Cooke v. State*, 97 A.3d 513, 547 (Del. 2014) (quoting *Nelson v. State*, 628 A.2d 69, 77 (Del. 1993).

[2] Supreme Court Case No.: 135, 2019.

regarding the victims' out-of-pocket costs, (ii) defense counsel's employment contract, and (iii) "all records." Specifically, Kostyshyn seeks "full access to the entire file" to enable her to "defend and overturn the illegal conviction" and "illegal restitution order." In addition, Kostyshyn requests the appointment of counsel and recusal of the presiding judge "for acting arbitrary and capricious" in not allowing the testimony of her brother.[3]

## DISCUSSION

10.     Although the Superior Court Rules of Criminal Procedure do not expressly provide for motions for reargument, Superior Court Criminal Rule 57(d) provides as follows:

> [i]n all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.

11.     Superior Court Civil Rule 59(e), in turn, provides in pertinent part:

> [a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. . . The court will determine from the motion and answer whether reargument will be granted.

---

[3] It is unclear from the Motion for Reargument whether Kostyshyn is referring to the multiple Motions for Reargument filed by her brother on her behalf after trial or testimony her brother would have provided at trial.

12. Accordingly, motions for reargument of an opinion or decision of this Court must be made within 5 days of its filing.[4] Here, Kostyshyn's Motion for Reargument was filed timely regarding the discharge of probation and Court monitoring of remaining restitution balance as it was dated October 29, 2020 and time stamped as received in the Office of the Prothonotary on November 2, 2020 (although not docketed until November 5, 2020).

13. However, a motion for reargument will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] "It is not an opportunity to rehash arguments already decided by the Court or to present new arguments not previously raised."[6]

14. In her Motion, Kostyshyn does not assert that the Court overlooked controlling authority when it dismissed her from probation and imposed the civil judgment. Rather, Kostyshyn's Motion for Reargument is an attempt to find evidence that might allow her to reargue the original conviction of the Superior Court which was then affirmed on appeal by the Supreme Court. To the extent that any of

---

[4] *State v.* Jackson, 1995 WL 716916; *see also State v. Murray*, Cr. A. No. N93-03-1721AC-1723AC, Carpenter, J. (Aug. 8, 1995) (Order) (holding that motions for reargument in criminal cases are subject to the 5 day requirement of Del. Civ. R. C.P. 59 (e) by virtue of Del. Crim. R. C.P. 57(d).

[5] *Strong v. Wells Faro Bank*, 2013 WL 1228028, at *1 (Jan. 3, 2013) citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citation omitted).

[6] *Shahin v. City of Dover*, 2019 WL 162571, at *1 (Del. Super. Jan. 9, 2019).

her claims have merit, they should have been raised on appeal.[7]  In failing to do so, those claims are now waived.

For the reasons stated above, the Motion for Reargument, including the request for (i) records from the State and Public Defender's office regarding the victims' out-of-pocket costs, (ii) defense counsel's employment contract, and (iii) all records, are **DENIED**.  In addition, the requests for the appointment of counsel and recusal of the presiding judge are **DENIED**.


**IT IS SO ORDERED.**


/s Janine M. Salomone_____
The Honorable Janine M. Salomone


cc:  Prothonotary
Matthew F. Hicks, Deputy Attorney General
David C. Skoranski, Esquire
Patricia Kostyshyn

---

[7] Kostyshyn alleges in her Motion for Reargument that "there is no evidence of any out of pocket payments, losses by alleged victims, for the insurance companies had conducted full investigations, and had ruled it as 'accident,' not a criminal act, non-fault claims."  The record reflects that at the time of sentencing the State provided the Court with documentation regarding the restitution amounts owed to each victim.

5